**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                **8:15-cv-01330**
                     **(MAD/CFH)**

**CHRISTINE LABARGE,**

      **Defendant.**
_____

**APPEARANCES:**            **OF COUNSEL:**

**OVERTON, RUSSELL LAW FIRM**      **LINDA L. DONOVAN, ESQ.**
19 Halfmoon Executive Park Drive
Clifton Park, New York 12065
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On November 10, 2015, the United States of America ("Plaintiff") commenced this action alleging that Christine LaBarge ("Defendant") defaulted on two promissory notes. *See* Dkt. No. 1 at ¶¶ 2, 3. Currently before the Court is Plaintiff's motion for default judgment against Defendant brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 8.

### II. BACKGROUND

The Court has taken the facts set forth below from Plaintiff's complaint and attached exhibits.[1] Defendant is a resident of Clinton County, New York. *See* Dkt. No. 1 at ¶ 1. In the

---

[1] Defendant has not appeared in this action.

first cause of action, Plaintiff claims that Defendant executed a promissory note on or about June 22, 2002, for a loan in the requested amount of $483.07 with the New York State Higher Education Services Corporation. *See id.* at ¶ 2; Dkt. No. 1-1 at 1. According to Plaintiff, Defendant owes $289.51 of principal and $193.56 of capitalized and accrued interest on this loan. *See* Dkt. No. 1 at ¶ 2. Plaintiff further claims that the promissory note stipulates an interest rate of 6.88% *per annum*. *Id*. The disbursement date, as noted by the educational institution on the loan application, occurred on November 1, 2002. *See* Dkt. No. 1-1 at 1.

In the second cause of action, Plaintiff claims that Defendant executed a promissory note on or about February 27, 2004, for a loan in the requested amount of $6,036.41 with the New York State Higher Education Services Corporation. *See* Dkt. No. 1 at ¶ 3; Dkt. No. 1-1 at 2. Plaintiff asserts that Defendant owes $3,439.33 of principal and $2,597.08 of capitalized and accrued interest on this loan. *See* Dkt. No. 1 at ¶ 3. Plaintiff further claims that the promissory note stipulates an interest rate of 7.00% *per annum*. *Id*. The disbursement date, as noted by the educational institution on the loan application, occurred on March 8, 2004. *See* Dkt. No. 1-1 at 2. Plaintiff claims that it has demanded payment for both promissory notes from Defendant and that she has refused or neglected to pay. *See* Dkt. No. 1 at ¶ 4.

On December 12, 2015, Plaintiff served Defendant with the complaint. *See* Dkt. No. 4. Plaintiff filed a request for entry of default on January 5, 2016. *See* Dkt. No. 5. On January 8, 2016, the Clerk of the Court entered default against Defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 7; Fed. R. Civ. P. 55(a). Subsequently, on January 11, 2016, Plaintiff filed a motion for default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. *See* Dkt. No. 8.

**III. DISCUSSION**

**A.     Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Carpineta*, No. 3:14-CV-0517, 2015 WL 500815, *1 (N.D.N.Y. Feb. 5, 2015) (quotation omitted). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); Fed. R. Civ. P. 55(a). "Second, under Fed. R. Civ. P. 55(b)(1), '[u]pon request of the plaintiff, a default judgment may be entered by the clerk when (1) the plaintiff's claim against the defendant is for a sum certain, (2) the plaintiff has submitted an affidavit of the amount due, and (3) the defendant has been defaulted for failure to appear.'" *Id.*[2]

When entry by the clerk is inappropriate, "'pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup,*

---

[2] Although Plaintiff moved for an entry of default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, which allows the Clerk of the Court to enter judgment when the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation," the Court finds that, as will be discussed, Plaintiff's motion is more appropriately treated as a motion for entry of default pursuant to Rule 55(b)(2).

*Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

**B.     Application**

In the present matter, Plaintiff has established through its complaint and attached exhibits that it is entitled to judgment in its favor. Plaintiff, however, has failed to provide the Court with sufficient supporting documentation as to the amount of damages actually owed. It is noted that Plaintiff, in accordance with Local Rule 55.2,[3] submitted an attorney Affidavit of Amount Due,

---

[3] Local Rule 55.2 mandates that a party submitting a motion for entry of default judgment must submit (1) a clerk's certificate of entry of default; (2) "a statement showing the principal amount due, not to exceed the amount demanded in the complaint, . . . a computation of the interest to the day of judgment, a per diem rate of interest, and the costs and taxable disbursements claimed"; and (3) an affidavit. *Carpineta*, 2015 WL 500815, at *2; LOCAL RULES N.D.N.Y. 55.2(a). Specifically, the affidavit must set forth, among other things, that Defendant is not in the military service, an infant, or incompetent person. *See id*.

4

setting forth the principal, the interest owed, and the *per annum* rate of interest.[4] According to Local Rule 55.2, however, the interest rate submitted must be calculated at a *per diem* rate. *See* LOCAL RULES N.D.N.Y. 55.2(a).

Moreover, in the first cause of action, Plaintiff claims that it is entitled to an interest rate of 6.88% on the principal, and that the total interest accrued is $196.99. *See* Dkt. No. 8 at 4. In the second cause of action, Plaintiff claims that it is entitled to an interest rate of 7.00% on the principal, and that the total interest accrued is $2,638.62. *See id.* Nevertheless, Plaintiff fails to provide any support for its assertion that it is entitled to the claimed interest rates or accrued interest on Defendant's Loans. Further, Plaintiff failed to submit any evidence demonstrating Defendant's payment history on the loans, which is necessary for the Court to verify the total outstanding principal. In short, Plaintiff's submissions fall far short of providing the Court with the evidence required to support the claimed damages.

Finally, Plaintiff asserts that it is entitled to recover from Defendant the statutory "Fee for Service and Travel, per 28 U.S.C. Sec. 1921" of $25.00. *See* Dkt. No. 7 at 2. Plaintiff, however, has failed to provide any explanation or documentation to support this request for fees. *See United States v. Zdenek*, No. 10-CV-5566, 2011 WL 6754100, *2 (E.D.N.Y. Dec. 22, 2011) (citation omitted).

---

[4] The Second Circuit has held that allegations in a complaint and the affidavit of plaintiff's counsel, "asserting an amount of damages sustained by plaintiff . . . [are] insufficient evidence upon which to enter the amount of the judgment." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999). "Even when a default judgment is warranted based on a party's failure to defend, the allegation in the complaint with respect to the amount of damages are not deemed true. . . ." *Gragg*, 2009 WL 1140490, at *2 (citing *Credit Lyonnais Sec. (USA)*, 183 F.3d at 154-55).

Based on the foregoing, the Court finds that Plaintiff has failed to meet its burden in establishing that there is a basis for the damages it has claimed.[5] Accordingly, the Court directs Plaintiff to submit a supplemental memorandum, accompanied by an affidavit and evidence that establishes that it is, in fact, entitled to the damages claimed.[6]

## IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **GRANTED as to liability** and **DENIED as to damages**; and the Court further

**ORDERS** that Plaintiff shall submit a supplemental memorandum, accompanied by an affidavit and evidence substantiating its claimed damages, as set forth above, within **THIRTY (30) DAYS** from the date of this Memorandum-Decision and Order; and the Court further

---

[5] The Court notes that it has regularly been forced to deny Plaintiff's motions for default judgment as to damages and instruct counsel as to what is required to succeed on its motion. *See, e.g.*, *United States v. Marotta*, No. 6:12-cv-325, Dkt. Nos. 8, 11 (N.D.N.Y.); *United States v. Narrie*, No. 5:12-cv-10, Dkt. No. 9 (N.D.N.Y.); *United States v. Lavada*, No. 6:11-cv-1491, Dkt. No. 8 (N.D.N.Y.). Plaintiff's counsel has been regularly instructed that an attorney Affidavit of Amount Due is insufficient to establish the amount of damages actually owed. The passage of time has not changed this conclusion, yet the Court finds itself once again reminding counsel of this fact. Counsel is put on notice that such wanton disregard of this Court's repeated orders and the Local Rules will not be tolerated in the future.

[6] In order to establish its entitlement to the damages claimed, Plaintiff is directed to submit a Certificate of Indebtedness, a full promissory note, disbursement history, demand for payment, evidence of the date of default, and evidence of the amount of the loan applied for and actually received. *See United States v. Linn*, No. 10-CV-5289, 2011 WL 2848208, *1-2 (E.D.N.Y. July 14, 2011). Plaintiff is directed to submit this evidence within twenty (20) days of the filing date of this Memorandum-Decision and Order.

**ORDERS** that if Plaintiff fails to comply with the terms of this Memorandum-Decision and Order within **THIRTY (30) DAYS**, the Clerk is directed to return this file to the Court which may issue a *sua sponte* order dismissing this action for failure to prosecute, failure to comply with this Court's Order, and/or failure to comply with the Federal and Local Rules; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by Certified Mail, Return Receipt Requested, and docket the returned receipt within **THREE (3) DAYS** of its return; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 18, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge