**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

  vs.                                                8:15-cv-01330
                                                           (MAD/CFH)

**CHRISTINE LABARGE,**

                    **Defendant.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**OVERTON, RUSSELL, DOERR &**       **LINDA L. DONOVAN, ESQ.**
**DONOVAN, LLP**
19 Halfmoon Executive Park Drive
Clifton Park, New York 12065
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On November 10, 2015, the United States of America ("Plaintiff") commenced this action alleging that Christine LaBarge ("Defendant") defaulted on two promissory notes. *See* Dkt. No. 1 at 2-3. On July 18, 2016, the Court granted Plaintiff's motion for default judgment with respect to liability, but denied the demanded relief with leave to reapply for damages. *See* Dkt. No. 10 at 6. Currently before the Court is Plaintiff's motion for entry of damages. *See* Dkt. No. 14.

### II. BACKGROUND

The Court has taken the facts set forth below from Plaintiff's complaint, the Certificates of Indebtedness from the U.S. Department of Education, an affidavit submitted by Plaintiff's counsel, and attached exhibits.

Defendant is a resident of Clinton County, New York. *See* Dkt. No. 1 at 1. Plaintiff's first cause of action asserts that Defendant executed a promissory note on or about October 22, 2002 to secure a Direct Consolidation loan from the U.S. Department of Education. *See* Dkt. No. 1 at 2; Dkt. No. 1-1 at 1; Dkt. No. 14 at 3. According to the Certificate of Indebtedness from the U.S. Department of Education related to that loan (the "First Certificate of Indebtedness"), the loan was disbursed for $697.00 on November 12, 2002 at 6.875% interest per annum. *See* Dkt. No. 14 at 3. Defendant defaulted on the loan on September 24, 2003. *See id.* As of August 26, 2016, Defendant owed $289.51 in principal and $209.41 in interest. *See id*. Interest accrues on the principal at a rate of $0.05 per day. *See id*.

Plaintiff's second cause of action asserts that Defendant executed a promissory note on or about February 27, 2004 to secure a Direct Consolidation loan from the U.S. Department of Education. *See* Dkt. No. 1 at 2; Dkt. No. 1-1 at 2; Dkt. No. 14 at 4. According to the Certificate of Indebtedness related to that loan (the "Second Certificate of Indebtedness"), the loan was disbursed for $3,477.94 on January 26, 2005 at 7.00% interest per annum. *See* Dkt. No. 14 at 4. Defendant defaulted on the loan on November 25, 2005. *See id.* As of August 26, 2016, Defendant owed $3,439.33 in principal and $2,788.86 in interest. *See id.* Interest accrues on the principal at a rate of $0.66 per day. *See id*.

On December 12, 2015, Plaintiff served Defendant with the complaint. *See* Dkt. No. 4. Plaintiff filed a request for entry of default on January 5, 2016. *See* Dkt. No. 5. On January 8, 2016, the Clerk of the Court entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 7; Fed. R. Civ. P. 55(a). On January 11, 2016, Plaintiff filed a motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 8.

On July 18, 2016, this Court granted Plaintiff's motion for default judgment with respect to liability, but denied Plaintiff's motion with respect to damages because Plaintiff failed to meet its burden to establish a basis for the damages claimed. *See* Dkt. No. 10 at 5-6. While Plaintiff submitted an attorney Affidavit of Amount of Due, setting forth the principal, the interest owed, and the per annum rate of interest, Plaintiff failed to satisfy Local Rule 55.2, which requires the interest rate submitted to be calculated at a per diem rate as well as the per annum rate. *See id.* at 4-5; *see also* LOCAL RULES N.D.N.Y. 55.2(a). Additionally, the Court found that Plaintiff could not recover server and travel fees for serving Defendant with the summons and complaint without proving that these costs were actually incurred. *See* Dkt. No. 10 at 5.

In order to establish its entitlement to the damages claimed, Plaintiff was directed to submit a certificate of indebtedness, a full promissory note, disbursement history, demand for payment, evidence of the date of default, and evidence of the amount of the loan applied for and actually received. *See id.* at 6. On August 12, 2016, Plaintiff submitted a letter request for an additional 30 days to obtain the necessary documentation to establish its claimed damages. *See* Dkt. No. 12. On September 7, 2016, Plaintiff submitted an attorney Affidavit of Amount Due and the Certificates of Indebtedness. *See* Dkt. No. 14.

### III. DISCUSSION

"Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true." *Gesualdi v. Seacost Petroleum Prod., Inc.*, 97 F. Supp. 3d 87, 95 (E.D.N.Y. 2015) (citing *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (other citations omitted)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible [to] mathematical computation." *Flaks v. Koegel*, 504 F.2d

3

702, 707 (2d Cir. 1974) (citations omitted); *see also Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 149 (E.D.N.Y. 2013) (citations omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 189 (E.D.N.Y. 2009) (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

Plaintiff was directed to submit specific documentary evidence sufficient to "ascertain the amount of damages with reasonable certainty." *Alcantara*, 183 F.3d at 155 (citation omitted). "[A] document containing both the borrower's signature and the amount of the loan applied for and disbursed" may serve as a basis for an award of damages. *See United States v. Linn*, No. 10-CV-5289, 2011 WL 2848208, *3 (E.D.N.Y. July 14, 2011). In addition, damages have been awarded "relying solely on Certificates of Indebtedness." *United States v. Reeves*, No. 5:12-CV-0886, 2013 WL 4508721, *2 (N.D.N.Y. Aug. 23, 2013) (citing *United States v. Zdenek*, No. 10-CV-5566, 2011 WL 6754100, *2 (E.D.N.Y. Dec. 22, 2011)).

Plaintiff has provided two Certificates of Indebtedness from the U.S. Department of Education signed under penalty of perjury by a loan analyst in support of its claimed damages. *See* Dkt. No. 14 at 3-4. As discussed above, the First Certificate of Indebtedness sets forth the loan disbursements and the amounts due on that loan as of August 26, 2016. As of that date, Defendant owed $289.51 in principal and $209.41 in interest, for a total debt of $498.92. *See id.*

4

at 3. Currently, interest accrues on the principal at a daily rate of $0.05. *See id.* As such, an additional $9.20 in interest has accrued between the date the interest was calculated in the First Certificate of Indebtedness and the date of this decision, for a total debt of $508.12.

The Second Certificate of Indebtedness also sets forth the loan disbursements and the amounts due on that loan as of August 26, 2016. As of that date, Defendant owed $3,439.33 in principal and $2,788.86 in interest, for a total debt of $6,228.19. *See id.* at 4. Interest accrues on the principal at a daily rate of $0.66. *See id.* at 4. As such, an additional $121.44 in interest has accrued between the date the interest was calculated in the Second Certificate of Indebtedness and the date of this decision, for a total debt of $6,349.63.

As stated above, a Certificate of Indebtedness may serve as a basis to justify an award of damages without further evidence. *See Reeves*, 2013 WL 4508721, at *2. Therefore, Plaintiff has established that it is entitled to a judgment in its favor in the amount of $508.12 on its first cause of action and $6,349.63 on its second cause of action.

Plaintiff further asserts it is entitled to recover from Defendant $25.00 in process server and travel fees pursuant to 28 U.S.C. § 1921. *See* Dkt. No. 8 at 4-5. Pursuant to the Local Rules, "[t]he party seeking costs shall accompany its request with receipts indicating that the party actually incurred the cost that it seeks." LOCAL RULES N.D.N.Y. 54.1(a). Plaintiff, however, has failed to provide any explanation or documentation to support this request for fees.

Moreover, pursuant to 28 U.S.C. § 1961(a), Plaintiff is also entitled to post-judgment interest. The rate of such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C § 1961(a) (internal footnote omitted).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the Plaintiff's motion for entry of default judgment is **GRANTED**; and the Court further

**ORDERS** that damages are awarded in the following amounts:

    (1) unpaid principal and prejudgment interest for the first cause of action in the amount of $508.12;

    (2) unpaid principal and prejudgment interest for the second cause of action in the amount of $6,349.63;

    (3) post-judgment interest accruing at the statutory rate as discussed above; and the Court further

**ORDERS** that Plaintiff's request for costs in the amount of $25.00 for the statutory fee for service and travel is denied; the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

Dated: February 27, 2017
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge